UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-60026-CIV-SEITZ/SIMONTON

ROMAIN MOISE,

        Plaintiff,

v.

CREDIT CONTROL SERVICES, INC.,

        Defendant.
_____/

**ORDER REGARDING PRIOR EXPRESS CONSENT**

      This matter is before the Court on the parties' briefs on the issue of prior express consent [DE-46 & 48]. This matter arises from Plaintiff's claims that Defendant's phone calls to Plaintiff's cellular phone, made to collect a debt, violated the Fair Debt Collection Practices Act and the Telephone Consumer Protection Act (TCPA). At issue is the meaning of the term "prior express consent" in the TCPA. The Federal Communication Commission (FCC) has issued an order that addresses the meaning of the term "prior express consent." Plaintiff argues that the FCC's order is contrary to the statute and exceeds the authority Congress gave to the FCC. Thus, Plaintiff urges the Court not to apply it. Defendant argues that the Court lacks jurisdiction to review an FCC order and, thus, the Court must follow the FCC order. Because, under the Hobbs Act, 28 U.S.C. § 2342, the Court lacks jurisdiction to review the FCC order, the Court will interpret the statute using the order as guidance.

**Background Facts**[1]

Plaintiff went to his doctor for treatment. The Plaintiff provided his doctor with Plaintiff's cell phone number. As part of the treatment, the doctor had Quest Diagnostics, an independent medical laboratory, perform some tests. It is not clear if the tests were done at the doctor's office and sent to Quest for analysis or if Plaintiff went to Quest for the tests. Plaintiff did not pay the money owed to Quest for the testing and Quest forwarded the account to Defendant for collection. Defendant placed several phone calls to Plaintiff's cell phone in an attempt to collect the debt. Thereafter, Plaintiff filed this action alleging that Defendant violated the Fair Debt Collection Practices Act and the TCPA. Defendant asserts that it had Plaintiff's prior express consent to place the phone calls and, thus, its actions do not violate the TCPA.[2]

**Analysis**

Plaintiff argues that it did not give prior express consent to Defendant because Plaintiff never gave his cell phone number to Defendant and, even if he had, such an act does not constitute express consent to receiving automated phone calls, as required by the TCPA. The TCPA states, in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice--
> * * * *

---

[1] The Court is not making factually findings as to any of the facts set out. However, it is necessary to have a basic understanding of the events to understand how the issue of prior express consent arises here.

[2] Why neither party timely sought summary judgment on the issues raised here is not clear from the record.

> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1).

On January 4, 2008, the FCC issued its ruling *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991: Request of ACA International for Clarification and Declaratory Ruling,* 23 F.C.C.R. 559 (January 4, 2008). In that order the FCC states:

> We conclude that the provision of a cell phone number to a creditor, *e.g.*, as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt. . . . We emphasize that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt. . . . Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.

*Id.* at ¶¶9-10. In a footnote, the FCC went on to state: "In addition, prior express consent provided to a particular creditor will not entitle that creditor (or third party collector) to call a consumer's wireless number on behalf of other creditors, including on behalf of affiliated entities." *Id.* at n.38.

Based on the plain language of the TCPA and the FCC order, it is clear that if Plaintiff gave his cell phone number directly to Quest Diagnostics, that would constitute express consent. However, if the number was given only to Plaintiff's treating physician, then Plaintiff did not give prior express consent to Quest or its third party collector. To whom Plaintiff gave his number remains an issue for trial.

Defendant argues that even if Plaintiff gave his number only to his treating physician that would constitute prior express consent for Quest's third party collector to contact Plaintiff. However, nothing in the language of the TCPA or the FCC order would support that

3

interpretation. Quest is a separate creditor than Plaintiff's doctor. Nothing in either the TCPA or the FCC order indicates that consent to one creditor is consent to another creditor who has some relationship with the first creditor. In fact footnote 38, quoted above, would imply the opposite. Defendant's reliance on *Greene v. DirecTV, Inc.* 2010 WL 4628734 (N.D. Ill. Nov. 8, 2010), to support its arguments is misplaced. First, *Greene* is not binding authority on this Court. Second, in *Greene*, the plaintiff had provided her cell phone number to a credit reporting agency, as part of a fraud alert, specifically for the purpose of having potential creditors contact her. *Id.* at *1. Thus, the *Greene* court found that when potential creditors called the plaintiff at that number, as a fraud alert notification, the potential creditors had not violated the TCPA because she had given her express consent through the fraud alert. *Id.* at *3. Here, the facts do not indicate whether Plaintiff gave his number to his doctor knowing that the doctor would share that number with other creditors of Plaintiff or for the express purpose of giving his number to other creditors. Thus, *Greene* is inapplicable.

  Plaintiff urges the Court to find that the FCC exceeded its authority when it issued the order. However, the Hobbs Act, 28 U.S.C. § 2342, gives the federal courts of appeal "exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of – (1) all final orders of the Federal Communications Commission made reviewable by section 402(a) of Title 47." Thus, this Court does not have jurisdiction to determine the validity of the FCC order. Although, Plaintiff cites to *Miller v. FCC*, 66 F.3d 1140 (11th Cir. 1995), for the proposition that, in the Eleventh Circuit, a district court may address the validity of an FCC order, *Miller* does not support that proposition.

  Accordingly, it is hereby

ORDERED that:

1. The Court shall interpret the term "prior express consent" as set out herein. Specifically, if Plaintiff only provided his cell phone number to his doctor, absent other evidence of consent, Plaintiff did not give express consent to Defendant. However, if Plaintiff provided his number directly to Quest, Defendant had express consent to call Plaintiff's cell phone.

2. By **October 25, 2011,** the parties shall submit a revised joint proposed verdict form so that the jury can make a finding of fact regarding to whom Plaintiff gave his cell phone number.

DONE and ORDERED in Miami, Florida, this 18th day of October, 2011.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record